# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 08-cv-02439-CMA-KLM

SAFDAR LILAK,

    Plaintiff,

v.

PFIZER CORPORATION, INC.,

    Defendant.

## ORDER TO STAY

    This is a products liability case. Plaintiff Safdar Lilak, proceeding *pro se*, asserts claims of negligence and negligence *per se* against Defendant Pfizer Corporation, Inc., for injuries he allegedly sustained after taking the prescription drugs Bextra and Celebrex. This matter comes before the Court on Defendant Pfizer's Motion to Stay All Proceedings Pending Transfer to Multidistrict Litigation Proceedings (Doc. # 6), filed November 11, 2008. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

## FACTUAL AND PROCEDURAL BACKGROUND

    On September 6, 2004, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order pursuant to 28 U.S.C. § 1407 establishing multi-district litigation ("MDL") proceedings in the United States District Court for the Northern District of California. *See In Re Bextra & Celebrex Mktg., Sales Practices and Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (J.P.M.L. 2005). The proceedings were established to address multiple

outstanding actions alleging products liability and other related claims against Defendant arising from Defendant's manufacture, marketing, and sale of the prescription drugs Bextra and Celebrex.  *See id.*  In its order establishing the MDL proceedings, the JPML contemplated the future transfer of so-called "tag-along" actions pursuant to the JPML's procedural rules.  *See id.* at 1379 n.1.

On October 27, 2008, Plaintiff filed a complaint in Colorado state court asserting claims of negligence and negligence *per se* against Defendant for injuries he allegedly sustained after taking the prescription drugs Bextra and Celebrex.  On November 7, 2008, Defendant removed Plaintiff's action to this court on the basis of diversity jurisdiction.

On November 11, 2008, Defendant moved to stay Plaintiff's action pending transfer of this case to the ongoing MDL proceedings in the Northern District of California.  In support of its motion, Defendant proffered letters from its own legal counsel, and from the Clerk of this Court, notifying the JPML of the pendency of the instant action, and identifying this action as a potential "tag-along" to the ongoing MDL proceedings.  Defendant moreover represented that, pursuant to D.C.COLO.LCivR 7.1(A), it had conferred with Plaintiff regarding its motion, but that "Plaintiff . . . informed Defendant's counsel that Plaintiff has no position on this Motion."  Considering Plaintiff's *pro se* status, this Court will consider Defendant's motion to be opposed, but will nonetheless resolve this motion on the instant briefing in light of the unlikelihood that Plaintiff will respond to Defendant's motion based upon his Rule 7.1(A) representation

2

to Defendant. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) (reciting that the court will afford a liberal construction to the pleadings of defendants appearing *pro se*); *but see* D.C.COLO.LCivR 7.1C (2008) (stating that "[n]othing . . . precludes a judicial officer from ruling on a motion at any time after it is filed").

**ANALYSIS**

Title 28, section 1407 of the United States Code provides in pertinent part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a) (2006).

According to its rules of procedure, the JPML may transfer so-called "tag-along" actions — *i.e.*, civil actions pending in district courts that involve common questions of fact with actions previously transferred under section 1407 — to transferee districts according to specified procedures. *See* R.P.J.P.M.L. 1.1, 7.4, 7.5, 1999 F.R.D. 425, 435–36 (J.P.M.L. 2001). In general, such transfers are initiated by the Clerk of the JPML after he receives notice of potential "tag-along" actions and issues a conditional transfer order to the parties. *See id.* If the parties fail to object to this order within fifteen days, or if the parties object and their objections are overruled, the Clerk of the

JPML may then transmit the order to the Clerk of the transferor court, and the transfer of the litigation becomes effective. *See id.*

Pending the resolution of a potential JPML transfer, the potential transferor court may stay proceedings because "the power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Franklin v. Merck & Co.*, No. 06–cv–02164, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 [1936].) "Courts consider three factors in connection with deciding whether a stay is appropriate: (1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *Id.* (citation omitted).

In consideration of these above-cited factors, the Court finds for the following reasons that the proceedings in this case should be stayed pending a decision on transfer by the JPML.

First, while Plaintiff may suffer some prejudicial delay in the adjudication of his action as a result of a stay, the Court finds that such prejudice would be minimal because there are no currently pending motions before the Court, and thus there is no danger that the resolution of such motions might be delayed by a stay. Moreover, even in cases in which the plaintiff has an outstanding motion to remand at the time the defendant moves to stay, courts regularly find that such an outstanding motion is

insufficient, standing alone, to defeat the motion to stay.  *See, e.g., Franklin*, 2007 WL 188264 at *2 (noting that "the vast majority of Courts to consider the issue have chosen to rule on a pending motion to stay even when a motion to remand has also been filed"). Finally, any prejudice that Plaintiff might claim flows from the actual transfer of his action to the Northern District of California — as opposed to from the stay of this action pending the JPML's determination on transfer — may of course be raised by him in objection to the Clerk of the JPML's conditional transfer order.  *See* R.P.J.P.M.L. 7.4(c), 1999 F.R.D. at 435.

Second, the Court finds that whatever delay might result from a stay would be greatly outweighed by the hardship and inequity to Defendant if the action is not stayed. Specifically, in the absence of a stay, Defendant will have to defend similar suits in at least two jurisdictions, potentially exposing it to duplicative motion practice, redundant discovery proceedings, or inconsistent pretrial rulings.  The JPML established the MPL proceedings in the Northern District of California to guard against precisely this type of inequity.  *See In Re Bextra & Celebrex*, 391 F. Supp. 2d at 1379 (holding that "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties . . .").

Third, the Court find that judicial economy would be served by allowing Plaintiff's claims to proceed in the Northern District of California because these claims overlap with the issues being litigated in the ongoing MPL proceedings.

*3.  Conclusion*

In sum, the Court finds that the risk of inequity and hardship to Defendant in the absence of stay far outweighs the likely prejudice to Plaintiff if the stay is granted, and additionally finds that consolidation of Plaintiff's claims with the ongoing MPL proceedings in the Northern District of California would conserve judicial resources and promote judicial economy.  Accordingly, it is therefore ORDERED that:

1. Defendant's motion to stay (Doc. # 6) is GRANTED;
2. These proceedings are STAYED pending a determination by the JPML on whether to transfer this action; and
3. Defendant shall, commencing December 1, 2008, and continuing every thirty days thereafter, file a status report concerning the JPML proceedings until the JPML reaches a final determination on whether to transfer the instant action.

DATED:  November  13 , 2008

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge